Counsel may proceed. Good morning, Your Honors, and may it please the Court. Alyssa Bell on behalf of Vicente Morales. I would like to reserve two minutes of my time for rebuttal. All right, what's your clock? Thank you. Your Honors, the District Court gave a statement of reasons in this case that was fatally deficient. The jury returned a split verdict that represented a wholesale rejection of the government's theory of the case. I'm having a little hard time hearing you. Yes, I'm sorry. I'll come closer to the microphone. I'll start that again. The jury returned a split verdict that represents a wholesale rejection of the government's theory of the case. The jury acquitted Morales of having conspired with his co-defendants and of being a source of supply in the conspiracy. They credited his testimony. They found that he was an addict who distributed methamphetamine on a single day as part of a single transaction. And against this backdrop at sentencing, there were disputed issues between the parties. The key disputed issue was whether the government had met its burden by a preponderance of the evidence of showing that Morales was responsible for the acquitted conduct. The other key disputed issue was whether Morales was sincerely contrite. This was not a case where there were undisputed facts or agreed-upon enhancements where it might be possible to infer from a bare-bones statement of reasons what the district court had found. In this case, the district court was required to make findings that specifically resolved to the party's disputes. And in this case, and I quote from this court's decision in Rangel-Guzman, this court should decline the government's invitation to guess what the district court was thinking. I'd like to address the acceptance of responsibility adjustment first before moving on to Rule 32 and the mitigating role adjustment. The district court statement of reasons regarding acceptance of responsibility was bare-bones, the court said. Early admission and acceptance of responsibility, that definitely was not true here after trial. I don't have to go into that. Well, counsel, I see the district court was saying more. The district court, right before the part you quoted, said at ER 26, first of all, the court's going to find that the safety valve is the real question and real close, but I'm not convinced the defendant was truthful, and so I'm not going to apply the safety valve. As to the admissions, early admission and acceptance of responsibility, that definitely was not true here after the trial, etc. So the district court, right after saying that they didn't find the defendant credible, says that with the other factors going to trial, etc., they're not going to give acceptance of responsibility. I don't see why that's such a deficient statement of reasons that we should find clear error here. I think, Your Honor, the record is not quite so clear. The district court made conflicting statements regarding safety valve eligibility. In the first instance, the court said, I'm not going to apply that, and later in the sentencing hearing, as the government has pointed out in its papers, the court said, I will apply the longer before the court. But in terms of what the district court understood about Mr. Morales's sincere contrition, if the government's read of the record is correct, in fact, the district court made a finding that Mr. Morales had fully admitted the conduct underlying the crime of conviction, and that is fundamentally incompatible with finding that he had not accepted responsibility. Well, I'm not sure why that would be true. The defendant made an offer to plead guilty to this particular count. The government rejected it. The defendant went to trial. He said a number of what I consider to be ambiguous things. In his testimony, the judge found that he was not truthful and found that he didn't get acceptance of responsibility. And again, I'm just having trouble finding why that would be clear error here. Well, Your Honor, I think that we put forth in the reply brief exactly what Morales offered to plead guilty to pretrial. As a part of a plea agreement. I might have the number of counts wrong, but if I... four counts? Was it four counts? Three counts. No, but there were four total or three total? Three total charging him. Okay. Was there ever a... was that's my understanding of the record, Your Honor. Yes, but your your client offered to plead guilty to one. That's correct, Your Honor. And as the government pointed out in its brief, your client could have gone in and pled guilty to that count and gone to trial on the others, but chose not to, right? I'm not certain that's accurate, Your Honor, because the cases that the government relies upon involve situations where the defendants attempts or requests to plead guilty to one count alone were rebuffed. No, no, no. Maybe my question was was inexact. The government said as a factual matter that the defendant here could have entered a guilty plea on the one count that he was convicted of before trial and gone to trial on the rest. That was an option open to him, right? It may have been an option open to him if the court was guilty. But this court's precedents have never required a defendant to plead guilty in order to receive acceptance points. And in fact, as early as McKinney, this court has held that it would be error if the guidelines were interpreted in that manner to penalize a defendant's exercise of his constitutional right to plead guilty. Let me let me ask you an unrelated question, counsel. Let's assume first that the panel was willing to agree with you on acceptance of responsibility and send this case back. When the case went back, that the district court would then have to remove the credit for the safety valve, right? That's correct, Your Honor. And so as a theoretical matter, your client could get a higher sentence in that circumstance, right? As a theoretical matter, I think that's right, Your Honor. So the district court, if we directed the district court to provide the acceptance points but take away the safety valve points, the district court would have the ability to consider the entire record and decide whether on remand there should be a higher sentence. Resentencing is plenary, and I think every defendant in this position takes the risk that the district court may review the factors again and may come to a different conclusion. I think in this case there's good reason to think, however, that if this court were to remand with a directive to consider the acceptance of responsibility properly under the correct legal standard, that the district court would make a different decision. The record, I'm sorry, Your Honor. No, no. I mean, I just want to make sure I'm not asking you to disclose privileged information, but I just want to make sure your your client understands that even if he were to win on acceptance, he could end up with a higher sentence. Well, thank you. I certainly won't disclose privileged information. I think as a theoretical matter, every defendant in this situation must understand that upon a plenary resentencing, the court will review the full record before it at that time, including any additional rehabilitation that may be relevant at the time of a resentencing. I see that my time is up for the moment, and I'll turn it over to counsel. Good morning, and may it please the court, Laura Alexander on behalf of the United States. This court should affirm the trial court's judgment because in resentencing the defendant to a low-end within guidelines range sentence, the trial court made all required factual findings, and it properly exercised its discretion in denying the defendants requested departures and variances. And I'll first turn to the issue that we were just discussing, acceptance of the trial court in the issue of acceptance of responsibility, because here the judge, the trial court judge, observed the defendant when he oversaw the four-day trial. It's difficult to parse the sentences of a transcript here and to require linguistic precision from the trial court judge at sentencing, but that judge oversaw the trial where the defendant himself testified. Can I ask you a question about that? Judge Bennett's just walked through the bit of the transcript where the trial judge indicated he didn't believe the defendant, and I look carefully to see where that is in the transcript and what he was talking about and whatnot. And as you say, it's always a little hard to look at a transcript and put ourselves in the shoes of, but the judge did believe the defendant's testimony. Can you tell me how you think that factors into the question we have to answer today? Yes, Your Honor. When looking at the transcript, that specific statement is within the context of safety valve, but as Your Honor mentioned, very shortly thereafter, the trial court judge observed that there was no acceptance of responsibility here. He said, definitely not here. And after the trial that he himself observed and sat through. So we do view that as an adverse credibility finding from the judge. And what is the ramification of that? If you think it's a global, I'm taking you to, I'm understanding you to say you think it's a sort of a global adverse credibility determination, and what's the legal consequence of that, please? The legal consequence, Your Honor, is that the trial court's determination that the defendant did not express sincere remorse was a correct finding by the judge to deny that departure from the guidelines. You know, when we... Admitted guilt during the trial as to count four? Yes, Your Honor. However, when the defendant admitted guilt during the trial, that was after the government's case in chief. And the commentary to 3E1.1, it guides the court to look to statements made by a defendant who goes to trial, statements that occurred prior to trial. Those are more indicative of sincerity and of genuineness because they're not self serving statements made post trial or post the government's case in chief. And here, the defendant filed a joint statement of the case with the government a week before trial in which he represented that he contested all three counts. And as Your Honor noted as well, the defendant had the opportunity before trial to plead guilty, plead open to the count of conviction, but he didn't. He continued to deny guilt as to the count of conviction all the way through the government's case in chief. In the opening statement, there was not a direct concession that he committed that count of conviction. It was vague language used by defense counsel as to whether there would be discussion or disagreement regarding that specific count. I'm not sure how vague it was. I mean, the defense counsel says one of the counts relates to January 8th. There's probably not going to be a lot of disagreement, maybe on some particulars, but everything else you will find Mr Morales not guilty. Thank you. I mean, in the context of trial, that doesn't seem to me all that vague. It's vague when you read that statement. Probably not in context of defense counsel's description of her strategy in the sentencing position that she filed. In the sentencing position for the defendant, defense counsel stated that it was their own tactic to seek an acquittal on all three counts by challenging the  what's in their footnote 10. Yes, Your Honor. I can't really tell whether you're talking about this. I think you've been clear about it. Your read of the record is that there was a global adverse credibility determination, but I can't tell if you're factoring in the judges factoring in the charges on which the defendant was acquitted. The government is only looking at the count of conviction here, not the counts on which the defendant was acquitted. Okay. Thank you for that clarification. Yes. And to make clear here too, we presume that district courts know the law. There was a lot of discussion in the defendant's opening brief about whether the factual, the statement of reasons being sparse, and the government concedes that the statement of reasons could have been more fulsome, certainly. However, the statement of reasons is not so lacking that it requires reversal. We don't require the district court judge to state every legal reason, every element of the law when it's making its determination at a sentencing hearing. We presume that the district court knows the law when it comes to 3553A factors, many of which the district court judge did address during the sentencing. Counsel, if hypothetically we were to affirm, there would be nothing to send back to the district court to do anything about the safety valve because the government did not the offense level would stay in effect, correct, if we were to affirm? That's not the government's position, Your Honor. The government's position is that although safety valve is not an issue here before this court now after Pulsifer, the defendant essentially received a benefit at his sentencing that he should not have received. So upon resentencing, the government... No, but I'm saying if we were... Government did not file a cross appeal, right? No, if we were to simply reject the defendant's contentions and affirm, the sentence that was imposed would simply stand. There would be nothing we would be sending back, right, because the government didn't cross appeal. And if we rejected the defendant's contentions on the other points, there would be nothing to send back, would there? No, Your Honor. I'm sorry, is your no agreeing with me or disagreeing with me? I apologize, Your Honor. Can you reject the defendant's contentions and affirm? There would be no need for resentencing to deal with the safety valve because nothing would be going back, right? That's correct, Your Honor. Thank you. If the court were to affirm and understanding that the defendant did receive a benefit at his sentencing that today, if the court were to remand, he would not receive. The government has not cross appealed, so he would simply receive the benefit of the safety valve that was provided to him under Lopez. Well, you didn't cross appeal because Pulsever hadn't been decided, right? That's correct, Your Honor. And is it clear in the record that the safety valve was in fact given? It is clear, Your Honor. The district court judge simply made a statement as to whether he applied safety valve. Government counsel later inquired when it became clear that the district court judge made his findings based on a total offense level of 26 instead of 28. Government counsel asked him how he got from 28 to 26, and he clarified at that time that he applied safety valve. And given his earlier statement that he had not applied safety valve, government counsel clarified. So you did apply safety valve, and he confirmed that he did, in fact, apply safety valve. Because there's no other way it would have been at 26, right? Exactly, Your Honor. There's no other way. So we know that he did receive that benefit that today, if we were to remand, he simply would not receive under Pulsever. And I think that's important here, too, because if there is any error, and the government does contest that there was any error here at all, but even if there was up to a level two, at least, that error would be harmless because he received that benefit. I don't think that's actually... I would disagree with you because even though the number at the end would probably remain the same if it is, you said, a two, the district court could still decide to lower the sentence if it went back. I mean, the district court could decide to raise the sentence, but we wouldn't know simply because if he took away the two and added the two, that it would still be the same number. That doesn't mean it's harmless because the defendant would have an opportunity to go back and argue for a lesser sentence, just like you'd have the opportunity to go back and argue for a higher one. Certainly, Your Honor. And I get your point, and I agree with you on that. The arguments would be based on the same facts, though, that happened at trial before the same judge that oversaw the trial. So any error in the government's view would be harmless because the facts wouldn't change, and the trial court's opinion as to all of these 3553A factors that it considered wouldn't change either. For those reasons, Your Honor, the government requests that you affirm the district court's judgment. Thank you. Thank you. Ms. Bell? Your Honors, we maintain that there is a fundamental inconsistency between what I think we're starting from the premise is a misstatement about the safety valve. If, in fact, the first statement is the misstatement that the court meant to say, I am applying safety valve, to use the reasoning that the court gave in that moment to deny acceptance points when, in fact, the court was finding that safety valve applied is a fundamental inconsistency. It's difficult, if not impossible, on this record to find that the defendant was...that Mr. Morales was not entitled to acceptance points and was entitled to safety valve relief. Mr. Morales made his contrition clear beyond all possible measure, offering to plead guilty before conceding an opening statement, taking the stand, admitting responsibility post sentencing, which can be sufficient to show sincere contrition. This court's decision in Armijo says as much. Post sentencing, he also expressed tremendous remorse, explains that methamphetamine had ruined his life and he didn't want to make other addicts like him in the world. I did not understand the government's concession that, in terms of acceptance, the government is looking only at the count of conviction and that the district court made an adverse credibility determination as to his testimony on the convicted count. He admitted all essential elements. It's difficult to understand how the court could have been saying, I didn't believe him, when he took the stand, admitted his guilt, and the jury then convicted him. The district court seems instead to have made some sub silencio weighing of the government's showing by a preponderance. But because the court then did not rule on Mr. Morales' objections to the pre-sentence report, did not identify or balance the Dominguez-Casado factors, we don't know what role the Because we don't know that this statement of reasons is fundamentally deficient. This is not a matter of linguistic precision. This is a matter of understanding the facts that the district court found, the law it applied, and how it applied the law to those facts. And for that reason, we would ask the court to reverse. Thank you, Counsel. United States v. Morales is submitted.
judges: WARDLAW, CHRISTEN, BENNETT